

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Hill v. Derrick

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hill v. Derrick" (2007). *2007 Decisions.* Paper 753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO:  06-3003

_____

JEFFREY DAVID HILL,

Appellant
v.

EVELYN DERRICK; RICHARD SUTTON;
JANE STUGART-OTTERBEIN; LORI CRESSMAN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01229 )
District Judge: Honorable James F. McClure, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before:   RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed July 17, 2007)
_____

OPINION
_____

PER CURIAM

Appellant, Jeffrey Hill, proceeding <u>pro se</u>, appeals the District Court's order

granting Appellees' motion for summary judgment, denying Hill's motion for summary

judgment, dismissing Hill's amended complaint, denying Hill's motion to strike, and

denying any other documents filed by Hill that could be construed as motions.  For the reasons that follow, we will affirm.

On June 20, 2005, Hill filed a civil rights complaint in the Middle District of Pennsylvania.  He asserted that Appellees violated his right to freedom of assembly under the First Amendment and his due process rights under the Fourteenth Amendment when they expelled him indefinitely from the Muncy Public Library.  His complaint arises from the following facts.

On July 21, 2003, at approximately 3:00 p.m., while Hill was at the Muncy Public Library using one of its computers, two minors, Lucas Bitler and Nevin Weaver, entered the area.  Bitler began bouncing a ball.  Hill and Appellee Cressman, the librarian on duty, told Bitler to stop bouncing the ball.[1]  Thereafter, Hill and the minors got into a verbal altercation, which eventually ended by Hill striking Bitler in the face.  Cressman came to investigate the incident with Appellee Stugart-Otterbein, another librarian on duty.  Cressman and Stugart-Otterbein spoke to Hill about what had occurred.  Hill admitted to hitting Bitler, stating that, since no one else was going to correct Bitler, he would.  Doc. 71-3, p. 13.  Cressman informed Hill that the library had a "zero tolerance" policy regarding corporal punishment.[2]  Hill then left the library.  Cressman called

---

[1]  Hill disputes some factual details.  We agree with the District Court that these factual disputes are not material to the resolution of Hill's claims.

[2]  The library has a written policy, which was approved by the Library Board on September 10, 2002, that provides:

> In order to provide all visitors with good service in a pleasant atmosphere the following conduct is prohibited in the library:

Appellee Derrick, the President of the Board of Trustees for the library, to tell her what had happened. Derrick called the police to report the incident. Derrick also sent Hill a letter revoking his library privileges at the Muncy Public Library until further notice. The Board of Directors later ratified Hill's expulsion, although a formal resolution was not passed. Hill remains expelled from the Muncy Public Library, but is free to use other libraries in the county.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. Kreimer v. Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1250 (1992). Summary judgment may be granted only where "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The District Court concluded that, on its face, the rule prohibiting corporal punishment or physical abuse of anyone on library property did not violate Hill's First Amendment rights. For First Amendment purposes, a library is a limited public forum and "is obligated only to permit the public to exercise rights that are consistent with the nature of the Library and consistent with the government's intent in designating the Library as a public forum." Kreimer, 958 F.2d at 1262. We agree that, on its face, the Muncy Public Library's Rule prohibiting corporal punishment on library property is reasonable. See Id. at 1263.

16. Administering corporal punishment or physically abusing anyone, on library property.

Doc. 71-3, p. 11.

To prevail on his due process claim, Hill had to demonstrate that he was deprived of a liberty interest. Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002). Liberty interests may arise from the Due Process Clause or from state law. Id. The District Court held that Hill had a state-created liberty interest pursuant to 24 Pa. C.S.A. § 4415. Section 4415 provides:

> Every library, established and/or maintained under the provisions of this act, shall be free to the use of all the residents and taxpayers of the municipality, subject to such reasonable rules and regulations as the board of library directors may adopt, and the board may exclude from use of the library any person who wilfully violates such rules. The board may extend the privileges of such library to persons residing outside the limits of such municipality upon such terms and conditions as the board may prescribe.

Appellees argue that Hill does not have a state created liberty interest pursuant to § 4415. We need not decide that issue. Any due process right that Hill may have had arising from § 4415, was not violated. Appellee Cressman informed Hill of the library's policy against corporal punishment, and gave him an opportunity to tell her what had happened. Hill admitted that he struck Bitler, and he has stated that he would have hit him harder had he been given another opportunity. Doc. 71-3, p. 13. This is sufficient to satisfy the Due Process Clause. See Goss v. Lopez, 419 U.S. 565, 581 (1975).

Accordingly, we conclude that the District Court properly entered summary judgment in favor of Appellees. The District Court did not err in dismissing Hill's amended complaint because it was filed after the cross-motions for summary judgment and without leave of court. See Fed. R. Civ. P. 15(a). Finally, the District Court properly denied Hill's motion for summary judgment and his other motions.

For the foregoing reasons, we will affirm the judgment of the District Court.